Abraham D. Gosman and Betty Gosman v. Commissioner.
Gosman v. Commissioner
Docket No. 638-66.
United States Tax Court
T.C. Memo 1968-182; 1968 Tax Ct. Memo LEXIS 118; 27 T.C.M. (CCH) 884; T.C.M. (RIA) 68182; August 13, 1968. Filed *118 Lawrence C. Zalcman, 84 State St., Boston, Mass., for the petitioners. Lawrence A. Wright, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined deficiencies in income tax against petitioners in the amounts of $12,163.30 for 1962 and $119.10 for 1963. The only issue for decision is whether the taxpayers are entitled to deductions for the taxable years 1962 and 1963 in the respective amounts of $57,621.51 and $38,500 which amounts were paid by Abraham Gosman in full satisfaction of his liability as guarantor of loans made to his wholly-owned corporation which loans were in default. Findings of Fact Some of the facts are stipulated, are so found and incorporated herein by reference. Petitioners Abraham D. Gosman and Betty Gosman are husband and wife residing in West Newton, Massachusetts. They filed joint income tax returns with the district director of internal revenue for the district of Massachusetts and were legal residents of Massachusetts when their petition herein was filed. herein was filed. Abraham was the sole stockholder of A. D. Gosman, Inc., a corporation originally in business as a contract *119 laminator, laminating foam by way of adhesive to certain fabrics. The corporation later developed a process for laminating urethene foam to fabric without using an adhesive. In order for the corporation to secure goods and materials for its business it entered into factoring arrangements with William Heller, Inc. on November 30, 1961 and with James Talcott, Inc. on December 7, 1961. Abraham was a guarantor for the corporation on these factoring arrangements. The corporation ceased business in 1962. Abraham, pursuant to the terms of the factoring arrangements and upon default by the corporation paid William Heller, Inc. the sum of $32,912.74 in 1962 and paid James Talcott, Inc. the sums of $24,708.77 in 1962 (total, $57,621.51) and $38,500 in 1963. These payments constituted payment in full of all obligations of the corporation and Abraham under the guarantee agreements. Abraham was not in the business of lending money, guaranteeing corporate loans or promoting corporations during the taxable years. Neither did he guarantee the corporate indebtedness described above in order to protect any position he may have held as an officer of the corporation. On their joint income tax *120 returns, petitioners deducted the amounts paid under the guarantees as losses under the title "Other deductions" on page two of the returns. In the statement accompanying the notice of deficiency it was explained: It has been determined that the claimed business bad debt deduction of $57,621.51 resulting from payments in the taxable year ended December 31, 1962 to James Talcott, Inc. and William Heller and Sons, Inc. is disallowed because you have not establised [sic] that you are entitled to such a deduction. It has been determined that the claimed business bad debt deduction of $38,500.00 resulting from payments in the taxable year ended December 31, 1963 to James Talcott, Inc. is disallowed because you have not established that you are entitled to such a deduction. However, the Commissioner did allow the amounts in question as short-term capital losses (apparently treating the transactions as giving rise to nonbusiness bad debts). Opinion In the petition it is alleged that the Commissioner erred in determining that the claimed deductions were not allowable as ordinary losses. The petitioners pray that we determine that the payments were: a. In connection with the *121 purchase of materials used in taxpayers' manufacturing business, and b. Transactions entered into for profit within the meaning of I.R.C. section 165(c) and allowable as an ordinary loss. Petitioners have filed no brief though given time and an extension of time for so doing. We think the Commissioner's determination is correct. The facts of this case bring it snugly within the Supreme Court's decision in Putnam v. Commissioner, 352 U.S. 82 and see the recent case of United States v. Worrell, 398 F. 2d 427 (C.A. 5, July 18, 1968) The facts here and in the Putnam case are closely parallel. If deductible, the payments here as there, are as a "bad debt loss, deductible as such or not at all." There, as here, there is "no justification for 886 consideration of (Abraham's) losses under the general loss provisions" of the statute "as an ordinary nonbusiness loss sustained in a transaction entered into for profit." As the Commissioner determined, petitioner's losses are allowable as short-term capital losses. A reading of the Putnam case should make further discussion unnecessary. Decision will be entered for the respondent.